*1118 OPINION.
Trammell:
The petitioner contends that the World League Against Alcoholism is an educational organization and that the contribution made thereto during the taxable year should be allowed as *1119 a deduction. The respondent denies this contention and asks that his action be sustained.
Section 23 of the Revenue Act of 1928 provides as follows:
In computing net income there shall be allowed as deductions:
*******
(n) Charitable unit other contributions. — In the case of an individual, contributions or gifts made within the taxable year to or for the use of:
* ***** *
(2) any corporation, or trust, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual.
*******
The only controversy between the parties is whether the League was organized and operated exclusively for educational purposes within the meaning of the statute.
In James J. Forstall, 29 B.T.A. 428, we reviewed at length the decisions relating to the question of what constituted an organization organized and operated exclusively for educational purposes. We there held that where an organization was organized and operated for the purpose of cultivating and influencing public opinion for the purpose of bringing about legislation on a controversial matter, such organization was not organized and operated exclusively for educational purposes.
An object of the World League Against Alcoholism, as stated in its constitution prior to its amendment in 1932 or 1933, which waó subsequent to the year in controversy, was to obtain legislation on a highly controversial subject, alcoholism. While the constitution indicates that the League was pledged to a neutral attitude on questions of public policy generally, an exception was to be made in the case of the traffic in alcoholic beverages. The League is simply the tool or creature of its member organizations, who, so far as we are able to determine, are allied on one side or another of the controversial alcohol question or problem. Some, if not all, of these are actively engaged in the presentation or defense of the side of the question which they have espoused and are actively promoting or actually resisting efforts at legislation in conformity with their views. According to the record it is the business of the League to furnish them and the general public the information it has available on all phases of the problem. The petitioner therefore is engaged in and operated for the distribution and dissemination of data which are highly controversial in their nature. The petitioner appears to be nothing more than a clearing house or a distributor of matter and material prepared and disseminated for controversial purposes. It *1120 may be likened to an accessory or an agent engaged in the furtherance of the cause of the principal.
In discussing the term “education” the court, in Weyl v. Commissioner, 48 Fed. (2d) 811, said:
Congress did not include a definition of the term “ education ” as used in the act. In the absence of specific definition, the words are to be given their usual and accepted meaning. Matter of Will of Foot, 52 N.Y. 530, 11 Am. Rep. 751. “ Education ” has been defined by the encyclopedia and dictionaries as “ imparting or acquisition of Knowledge; mental and moral training; cultivation of the mind, feelings and manners.” The definition given by the Funk & Wagnalls’ New Standard Dictionary, vol. 1, may be referred to:
“Education as understood today, connotes all those processes cultivated by a given society as means for the realization in the individual of the ideals of the community as a whole. It has for its aim the development of the powers of a man (1) by exercising each along its particular line, (2) by properly coordinating and subordinating them (3) by taking advantage of the law of habit, and (4) by appealing to human interest and enthusiasm. It includes not only the narrow conception of instruction, to which it was formerly limited, but embraces all forms of human experience, owing to the recognition of the fact that every stimulus with its corresponding reaction has a definite effect on character. It may be either mainly esthetic, ethical, intellectual, physical or technical, but to be most satisfactory it must involve and develop all these sides of human capacity.”
Giving due consideration to the objects, functions, and activities of the League in connection with the foregoing, we are unable to find that the League is or was during 1929 an organization organized and operated exclusively for educational purposes. The action of the respondent in disallowing as a deduction the amount of the contribution made thereto by the petitioner is sustained.
The respondent concedes that all of the other contributions set out in our findings of fact, which were not taken by the petitioner in his return nor allowed by the respondent in his determination of the deficiency, constitute allowable deductions except the following: Rev. A. L. Byron Curtiss, $25; E. C. Miller, Treasurer, ‘Why Go to Church ’ Posters, Metropolitan Tower, New York City, $50; Yale Alumni Association of Maryland, $00; League for Industrial Democracy, $100; Church League for Industrial Democracy, $1,600.
In Weyl v. Commissioner, supra, reversing 18 B.T.A. 1092, the court held that the League for Industrial Democracy was an educational corporation in 1922 and 1923 and that contributions made thereto constituted allowable deductions in determining the net income of an individual for those years. We have no evidence before us, however, that for the taxable year 1929 this corporation was operated exclusively for educational purposes. The Commissioner has determined that the contribution to it was not allowable and there is no evidence to overcome the presumption of correctness of that determination. We, therefore, affirm the Commissioner’s de *1121 termination. As to the remainder of tbe foregoing items, 1 lie petitioner submitted no evidence as to their deductibility except that as to some the respondent had not disallowed similar deductions in other years. The respondent’s action with respect to the allowance or disallowance of a similar deduction in another year is not a sufficient basis upon which to hold that a deduction for the year in controversy is allowable. For lack of evidence, all of the foregoing contributions objected to by the respondent are held to be not allowable.
Reviewed by the Board.

Judgment will be entered under Rióle 50.

Murdock, McMahoN, and Goodrich concur in the result.